

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TIMOTHY AKERS,<br><br>    Petitioner,<br><br>    v.<br><br>BEN CURRY, Warden,<br><br>    Respondent. | NO. CV 07-7195-GHK (AGR)<br><br>ORDER ADOPTING<br>MAGISTRATE JUDGE'S<br>REPORT AND<br>RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the Petition, the Magistrate Judge's Amended Report and Recommendation ("R&R"), the Objections to the R&R, and all records in the file. Having made a *de novo* determination, the Court agrees with the recommendation of the Magistrate Judge.

In his Objections, Petitioner argues that, pursuant to Cal. Penal Code § 1203.1m(c),[1] the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not apply to his petition. (Objections at 4.) Petitioner is

---

[1] Section 1203.1m(c) provides: "At any time during the pendency of an order made under this section, a person against whom the order has been made may petition the court to modify or vacate its previous order on the grounds of a change of circumstances with regard to the person's ability to pay. The court shall advise the person of this right at the time of making the order."

incorrect. As stated in the R&R, because the petition was filed after enactment of the AEDPA, the Court must apply the AEDPA in its review of the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); *see also Woodford v. Garceau*, 538 U.S. 202, 207, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003) (same). The statute of limitations in a state statute is irrelevant to the timeliness of Petitioner's federal habeas petition. *See Summers v. Schriro*, 481 F.3d 710, 714 (9th Cir. 2007).

Moreover, the Court notes that Cal. Penal Code § 1203.1m is irrelevant to the grounds in the instant petition. Petitioner challenges the $10,000 restitution fine imposed by California. (Petition at 5-6 & Attachments.) That fine was imposed pursuant to Cal. Penal Code § 1202.4(b). (Lodged Document 11.) By contrast, § 1203.1m permits a trial court to require a convicted defendant "to pay all or a portion of the reasonable costs of [his] imprisonment." Cal. Penal Code § 1203.1m(a).

IT IS ORDERED that the Magistrate Judge's Report and Recommendation is adopted.

IT IS FURTHER ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: 11/23/08

GEORGE H. KING
United States District Judge

2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| TIMOTHY AKERS,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>BEN CURRY, Warden,<br><br>　　　　Respondent. | NO. CV 07-7195-GHK (AGR)<br><br><br>AMENDED REPORT AND<br>RECOMMENDATION OF UNITED<br>STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable George H. King, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that Respondent's Motion to Dismiss be granted and the Petition for Writ of Habeas Corpus be denied.

///
///
///
///
///

**I.**

## SUMMARY OF PROCEEDINGS

On April 17, 1998, Petitioner was convicted of one count of willful, deliberate and premeditated attempted murder. The jury found true the special allegations of personal infliction of great bodily injury and personal use of a stabbing instrument. (Lodged Document ("LD") 1-2.) On May 15, 1998, Petitioner was sentenced to a total of 19 years to life in prison, with the possibility of parole, and was ordered to pay $10,000 to the State Restitution Fund. (LD 3.) On June 1, 1999, the California Court of Appeal modified the sentence to life with the possibility of parole and in all other respects affirmed the judgment. (LD 5 at 12.) On September 1, 1999, the California Supreme Court denied review. (LD 7.)

On July 12, 2004, Petitioner filed a "motion for modification of sentence - Penal Code sec. 1260" in superior court. (LD 8.) According to the docket, the motion was denied on July 22, 2004. (LD 9 at 48.)

On September 13, 2004, Petitioner filed a state habeas petition in the Ventura County Superior Court challenging restitution. (LD 10.) The state habeas petition was denied on September 23, 2004. (LD 11.)

On September 19, 2006, Petitioner filed a "motion for modification of sentence Penal Code § 1260 – and-or correction of sentence" in superior court. (LD 12.) This motion again challenged restitution and was denied on November 21, 2006. (LD 13.)

On January 16, 2007, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on February 5, 2007. (LD 14-15.) On February 27, 2007, Petitioner filed a petition for writ of habeas corpus in

///
///
///

the California Supreme Court, which was denied on July 11, 2007, with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998).[1] (LD 16-17.)

Pursuant to 28 U.S.C. § 2254, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") in this Court on November 2, 2007, based on four grounds: (1) excessive restitution fine; (2) Court of Appeal's failure to adjust restitution fine when it modified his sentence; (3) trial court failed to apply statutory law to Petitioner's changed circumstances; and (4) CDCR violated due process rights by deducting money from his account pursuant to the restitution order. (Petition at 5-6 & Attachments.)

On March 10, 2008, Respondent filed a motion to dismiss the Petition based on expiration of the statute of limitations, petitioner's failure to sign the Petition, failure to state any cognizable basis for federal habeas relief, and failure to exhaust Ground Four.

Petitioner's opposition was due within 30 days of the date of service of Respondent's motion (April 10, 2008). (Order dated November 13, 2007 ¶ 4, Docket No. 3.) Petitioner did not file an opposition.

On May 30, 2008, the Court issued an order requiring that Petitioner file an opposition or before June 30, 2008. (Docket No. 13.) Petitioner was warned that failure to oppose a motion to dismiss may be construed as consent to the granting of the motion, and may result in dismissal of the action. (*Id.*) Petitioner did not file an opposition.

On July 24, 2008, this Court issued a Report and Recommendation. The Court recommended that the Petition be denied as barred by the statute of limitations.

---

[1] A state habeas petition that is rejected as untimely does not qualify for statutory tolling because it was not "properly filed." *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005) (tolling is permitted only during the time a "'properly filed' state court petition is pending") (footnote omitted), *cert. denied*, 127 S. Ct. 132 (2006). A citation to page 780 of *In re Robbins* is a "clear ruling that [a] petition was untimely." *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

3

On July 28, 2008, the Court discovered that a docketing error may have resulted in Petitioner not receiving the Order dated May 30, 2008. Accordingly, the Court issued an Order vacating the Report and Recommendation, and requiring Petitioner to file an opposition no later than August 27, 2008. The Court again warned that failure to oppose the motion may be construed as consent to the granting of the motion, and may result in dismissal of the action. (Docket No. 15.)

On August 26, 2008, Petitioner filed a request for extension of time to file an opposition. (Docket No. 16.) On August 27, 2008, the Court granted Petitioner's request, and ordered that Petitioner file an opposition on or before October 10, 2008. (Docket No. 17.) Petitioner did not file an opposition.

On September 24, 2008, Petitioner filed a Motion to Hold in Abeyance Habeas Corpus Proceeding. The Court denied Petitioner's motion by a separate minute order. However, in Petitioner's motion, he argued that his Petition is not time-barred because he asserts changed circumstances to modify the restitution order in his criminal case pursuant to Cal. Penal Code § 1203.1m(c). (Motion at 2.)

This matter was taken under submission and is now ready for decision.

II.

**STATUTE OF LIMITATIONS[2]**

The Petition was filed after enactment of the Antiterrorism and Effective

---

[2] Respondent argues that Petitioner's claims cannot be brought in a habeas petition because Petitioner challenges only his restitution fine and the CDCR's deductions from his inmate trust account. *See United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002) (restitution fine imposed by federal court may not be challenged in habeas petition under 28 U.S.C. § 2255 even if petitioner also seeks release from custody), *cert. denied*, 540 U.S. 839 (2003); *see also* 28 U.S.C. § 2254 (habeas relief available to petitioner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). Because the Petition is barred by the statute of limitations, this Court does not reach Respondent's other arguments. This Court expresses no view as to the merits of any claim Petitioner might bring outside of the habeas context.

4

Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or a date set in § 2244(d)(1)(B)-(D).

### A.  The Date on Which Conviction Became Final

Based on the record before the Court, Petitioner was sentenced on May 15, 1998. (Petition at 2; LD 1, 3.) The California Court of Appeal modified the sentence and in all other respects affirmed the judgment on June 1, 1999. (LD 5.) The California Supreme Court denied the petition for review on September 1, 1999. (LD 7.) Therefore, Petitioner's conviction became final 90 days later on November 30, 1999. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Accordingly, the one-year statute of limitations expired no later than November 30, 2000. Petitioner did not sign his federal habeas petition[3] and provides no proof of service. However, the Petition was received by this Court on October 29, 2007, close to seven years later. (Petition at 1.)

Therefore, even assuming that Petitioner mailed the Petition on October 1, 2007, the Petition is time-barred unless the statute of limitations was tolled. The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). There is no tolling from the time a

---

[3]  Petitioner's failure to sign the Petition in violation of Rule 2(c)(5) of the Rules Governing Section 2254 Cases is not a basis for dismissal. *See* Advisory Committee Notes, 2004 Amendments ("Rule 2(e), which provided for returning an insufficient petition, has been deleted. . . . The Committee believed that the better procedure was to accept the defective petition and require the petitioner to submit a corrected petition that conforms to Rule 2(c).").

petitioner's conviction becomes final to the filing of the first state habeas petition because there is no case "pending" during that period. See *Thorson v. Palmer*, 479 F.3d at 646.

Petitioner mailed his first motion to modify his sentence on July 6, 2004, and mailed his first state habeas petition on August 25, 2004, all after the one-year statute of limitations expired. (LD 8, 10.) A state habeas petition filed after the limitations has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004). Given that Petitioner does not appear to have filed any motions or petitions in state court before the expiration of the one-year statute of limitations, the limitations period was not tolled at any time pursuant to 28 U.S.C. § 2244(d)(2).

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007). Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citation and internal quotation marks omitted). The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

The Petition contains no showing of any entitlement to equitable tolling. Petitioner did not file an opposition to the motion to dismiss despite three opportunities to do so in response to court orders.

**B.  Change to California Penal Code § 2085.5 on September 28, 2006**

As Respondent notes, Ground Four is unexhausted in that it has not been presented to the California Supreme Court. Ground Four appears to be based on a change to California Penal Code § 2085.5 on September 28, 2006. (Petition at 6 & Attachments.)

To the extent that Petitioner relies on this change in the law to avoid the statute of limitations, Petitioner's argument must be rejected. The AEDPA provides that the statute of limitations may start running on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C); see Dodd v. United States, 545 U.S. 353, 357, 359, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005). In Dodd, the Supreme Court addressed a provision in 28 U.S.C. § 2255[4] that is materially identical to 28 U.S.C. § 2244(d)(1)(C):

> The limitation period shall run from the latest of -
>
> * * *
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The court held that the statute starts running on the date the court recognizes the right, not on the date the court makes it retroactively applicable. Id. at 358.[5] However, a petitioner "may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met." Dodd, 545 U.S. at 359.

Petitioner is not entitled to rely on § 2244(d)(1)(C) because he relies on a change in California state law, not on any constitutional right newly recognized by

///

///

---

[4] Under section 2255, a federal prisoner may challenge his or her sentence as unconstitutional.

[5] "Dodd is equally applicable to section 2244(d)(1)(C)." Johnson v. Robert, 431 F.3d 992, 992-93 (7th Cir. 2005) (per curiam).

7

the United States Supreme Court and made retroactively applicable to cases on collateral review. Therefore, the Petition, including Ground Four, remains time-barred.

## III.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation; (2) granting the Motion to Dismiss; and (3) directing that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: October 28, 2008

ALICIA G. ROSENBERG
United States Magistrate Judge